**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Wayne Chui, ) | No. CV 07-2519-PHX-DGC (GEE) |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Katrina Kane, ) | |
| Respondent. ) | |

Petitioner Anthony Wayne Chui filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention pending removal. Dkt. #1. Magistrate Judge Glenda E. Edmonds issued a report and recommendation ("R&R") in which she recommends that the petition be granted. Dkt. #11. Respondent has submitted objections to the R&R. Dkt. #12. Petitioner has not filed a response and the deadline for doing so has passed. For the reasons that follow, the Court will reject the R&R and dismiss the petition.

**I.  Background.**

On May 16, 2006, Petitioner, a native and citizen of Canada, was charged as removable under 8 U.S.C. § 1227(a)(2)(A)(ii) ("Any alien who . . . is convicted of two or more crimes involving moral turpitude . . . is deportable."). Dkt. #11 at 2. On October 12, 2006, an Immigration Judge issued a final order of removal (Dkt. #10, Ex. 4), and on February 28, 2007, the Board of Immigration Appeals ("BIA") affirmed (*id*. at Ex. 6).

On April 19, 2007, Petitioner filed a motion to stay removal and a petition for review before the Ninth Circuit. Dkt. #11 at 2. The petition was later dismissed for failure to

prosecute. *Id*. On July 23, 2007, Petitioner filed another motion to stay removal and a new petition for review. The Ninth Circuit granted a temporary stay of removal and the second appeal currently is pending. *Id*. Petitioner filed this action on December 12, 2007. Dkt. #1.

## II.     The R&R.

Petitioner is being held in custody pursuant to 8 U.S.C. § 1226, which "governs [an] alien's detention until the start of the 'removal period[.]'" Dkt. #11 at 2-3. Judge Edmonds noted that the "removal period" generally begins on "[t]he date the order of removal becomes administratively final," but if an alien "files an appeal and the court of appeals orders a stay of removal, the removal period begins on 'the date of the court's final order.'" *Id*. at 3 (quoting 8 U.S.C. §§ 1231(a)(1)(B)(i)-(ii)). Because Petitioner has filed an appeal and the Ninth Circuit has stayed his removal, Judge Edmonds concluded that "the removal period has not yet begun and section 1226 still applies." *Id*.

Judge Edmonds concluded that section 1226 "only authorizes detention during an 'expedited' removal period" and "does not authorize extended periods of detention." *Id*. (citing *Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005)). Noting that the Ninth Circuit held in *Tijani* that an alien's detention for two years and eight months was inconsistent with section 1226(c), Judge Edmonds concluded that Petitioner's detention for "approximately two years and one month" is not authorized by the statute. *Id*. The R&R recommends that the Court grant the petition "unless the government within 60 days provides a hearing to [Petitioner] before an Immigration Judge with the power to grant him bail unless the government establishes that he is a flight risk or will be a danger to the community." *Id*. at 4 (quoting *Tijani*, 430 F.3d at 1242) (alterations in original).

## III.    The Objection.

Respondent agrees that Petitioner was lawfully detained under 8 U.S.C. § 1226(c) and that the "removal period" under 8 U.S.C. § 1231 has not started. Dkt. #12 at 2. But Respondent contests Judge Edmonds' conclusion that section 1226(c) does not provide a valid basis for Petitioner's continued detention. *Id*. Respondent argues, among other things, that (1) detention is "mandatory" under section 1226(c) and Petitioner may be released only

- 2 -

in limited circumstances that are not present here, *id*. at 3-4; (2) because Petitioner has conceded his removability, *Demore v. Kim*, 528 U.S. 510 (2003), not *Tijani*, applies to this case, *id*. at 4-5; and (3) Petitioner would have been released by now if he did not seek a stay of his removal and pursue an appeal, *id*. at 5-6.

**IV.    Discussion.**

The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1).

As the Ninth Circuit recently explained, the relief available to a petitioner "turns in part on locating him within the statutory framework of detention authority . . . codified at 8 U.S.C. §§ 1226 and 1231." *Casas-Castrillon v. Dep't of Homeland Sec.*, 07-56261, --- F.3d ----, 2008 WL 2902026, at *1 (9th Cir. July 25, 2008). There is no dispute that Petitioner was detained pursuant to section 1226(c) or that this statute authorized Petitioner's initial detention. The issue is whether Petitioner's present detention remains authorized under that provision.

In *Tijani*, the Ninth Circuit, having "interpret[ed] the authority conferred by § 1226(c) as applying to expedited removal of criminal aliens," held that an alien's detention for a period of more than two years and eight months was not expeditious. 430 F.3d at 1241. The court therefore ordered that the petition for writ of habeas corpus be granted "unless the government within 60 days of this order provides a hearing to Tijani before an Immigration Judge with the power to grant him bail unless the government establishes that he is a flight risk or will be a danger to the community." *Id*.

In *Demore*, an alien detained for six months under section 1226(c) challenged whether he could be subject to mandatory detention without bail. The Supreme Court held that aliens may be detained under section 1226(c) "for the brief period necessary for their removal proceedings," 538 U.S. at 513, even where there has been no individualized finding that they are unlikely to appear for their deportation hearing, *id*. at 531. The Supreme Court noted that

1   the pendency of an alien's removal proceedings "lasts roughly a month and a half in the vast
2   majority of cases in which it is invoked, and about five months in the minority of cases in
3   which the alien chooses to appeal." *Id.* at 530.

4   The Ninth Circuit in *Tijani* distinguished *Demore* on the ground that the petitioner,
5   unlike the petitioner in *Demore*, did not concede that he was removable. *See Tijani*, 430 F.3d
6   at 1242 ("The case is distinct from *Demore v. Kim* . . . where the alien conceded
7   deportability."); *see also Arnold v. Crawford*, 554 F.Supp.2d 987, 991 (D. Ariz. 2008) (case
8   is indistinguishable from *Demore* and distinct from *Tijani* where the petitioner conceded that
9   he is removable) (citing *Makaj v. Crowther*, No. 07-0342, slip op. at 2 (D. Ariz. Nov. 28,
10  2007)). In this case, Petitioner concedes his removability. *See* Dkt. #10-2 at 22.

11  The Court finds that Petitioner's detention is permissible under section 1226(c).
12  *Demore* upheld the no-bail detention of an alien who has conceded his removability for the
13  "brief period necessary for their removal proceedings." 538 U.S. at 513. In determining
14  whether the length of detention is authorized by *Demore*, a court should not consider the time
15  attributable to the petitioner's decision to pursue an appeal in court. *See Makaj v. Crowther*,
16  No. 07-0342, 2007 WL 3224539 (D. Ariz. Oct. 29, 2007) ("Petitioner's use of the appellate
17  system should not form the basis of an unconstitutional detention claim against the
18  government"). Counting such time "would mean that by merely seeking judicial review,
19  every alien found removable would be entitled to an individualized bond hearing and
20  possible release." *Mboussi-Ona v. Crawford*, No. 06-2897, 2007 WL 3026946, at *5 (D.
21  Ariz. Sept. 27, 2007). While a petitioner's decision to appeal may result in an extension of
22  his detention, *Demore* recognized that "the legal system . . . is replete with situations
23  requiring the making of difficult judgments as to which course to follow, and, even in the
24  criminal context, there is no constitutional prohibition against requiring parties to make such
25  choices." 518 U.S. at 531 n.14 (internal quotes and citation omitted).

26  Petitioner was charged as removable on May 16, 2006 and the BIA affirmed his final
27  order of removal on February 28, 2007 – approximately nine months later. Petitioner has
28  been confined for more that two years because of his decision to pursue two appeals, one of

- 4 -

1  which was dismissed for lack of prosecution. The Court concludes that Petitioner is not
2  entitled to release under section 1226(c).
3  **IT IS ORDERED**:
4      1.    The R&R (Dkt. # 11) is **rejected**.
5      2.    The petition for writ of habeas corpus (Dkt. #1) is **denied and dismissed**.
6      3.    The clerk is directed to **terminate** this action.
7  DATED this 11th day of August, 2008.

_____
David G. Campbell
United States District Judge