**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Wayne Chui, | No. CV 07-2519-PHX-DGC (GEE) |
| Petitioner, | **ORDER** |
| vs. | |
| Katrina Kane, | |
| Respondent. | |

*Pro se* Petitioner Anthony Wayne Chui has filed a motion for reconsideration (Dkt. #16) of the Court's August 11, 2008 order denying Magistrate Judge Glenda E. Edmonds's report and recommendation ("R&R") and dismissing his petition for writ of habeas corpus. The Court will deny the motion.

**I.    Legal Standard.**

Motions for reconsideration are disfavored and are not the place for parties to make new arguments or to ask the Court to rethink its analysis. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998). Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence; (2) material factual events have occurred since the Court's initial decision; (3) there has been a material change in the law

1 since the Court's initial decision; or (4) the moving party makes a convincing showing that
2 the Court failed to consider material facts that were presented to the Court at the time of its
3 initial decision. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586
4 (D. Ariz. 2003). Petitioner's motion fails to satisfy any of these limited circumstances.

5 **III.    Discussion.**

6 Judge Edmonds recommended that the Court grant the habeas petition because, under
7 the Ninth Circuit's ruling in *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005), Petitioner's
8 detention for more than two years and eight months was not permissible. *See* Dkt. #11 at 3.
9 The Ninth Circuit in *Tijani* declined to apply the Supreme Court's decision in *Demore v.*
10 *Kim*, 528 U.S. 510 (2003), because the petitioner in *Tijani* had not conceded his removability
11 as had the petitioner in *Demore*. *See* Dkt. #13 at 4 (quoting *Tijani*, 430 F.3d at 1242). This
12 Court rejected the R&R because Petitioner did concede that he was removable, a concession
13 that made *Demore*, not *Tijani*, the controlling authority. *See* Dkt. #13 at 4. The Court
14 considered whether Petitioner's continued detention was tolerable under *Demore* and held
15 that it was because only nine months of Petitioner's confinement could be attributed to the
16 government, while the rest was the result of Petitioner's appeal, including an appeal that was
17 dismissed for lack of prosecution. *See id.* at 4-5.

18 Petitioner argues that his concession of removability "was based on a misapprehension
19 of the law." Dkt. #16 at 1. Petitioner did not raise this argument in the underling petition
20 and failed to respond to the objections to the R&R. The argument therefore cannot be
21 presented in a motion for reconsideration. *See Motorola, Inc.*, 215 F.R.D. at 586.

22 Petitioner claims that while he may have conceded that he was removable because he
23 committed a deportable offense, he did not specifically concede that he committed a crime
24 involving moral turpitude. *See* Dkt. #16 at 2. Again, because Petitioner clearly could have
25 made this argument in a response to the objection filed by Respondent (Dkt. #12), but instead
26 chose to file no response, he may not raise it now in a motion for reconsideration. *See*
27 *Motorola, Inc.*, 215 F.R.D. at 586.

28

1  Petitioner argues that the Court erred in relying on *Arnold v. Crawford*, 554 F.Supp.2d
2  987 (D. Ariz. 2008) and *Makaj v. Crowther*, No. 07-0342, 2007 WL 3224539 (D. Ariz. Oct.
3  29, 2007), and attempts to distinguish the facts of those cases. *See* Dkt. #16 at 3. *Arnold*
4  recognized that *Demore* applies where a petitioner has conceded removability, and that *Tijani*
5  applies where a petitioner has not. *Makaj* recognized that the period of confinement
6  attributable to a petitioner's appeal is not counted in determining whether the period of
7  detention is permissible under section 1226(c). The Court looked to *Arnold* and *Makaj* for
8  these legal principles, not because they were factually identical to this case.

9  Finally, Petitioner claims that his detention for more than two years and six months
10 is indefinite and otherwise unlawful. *See* Dkt. #16 at 3-4. But only nine months of his
11 detention can be attributed to the government. Petitioner himself is responsible for the
12 remaining period of his detention because of his choice to pursue an appeal, including his
13 failure to prosecute the first appeal. *See Demore*, 518 U.S. at 531 n.14.

14 **IT IS ORDERED** that Petitioner's motion for reconsideration (Dkt. # 16) is **denied**.
15 DATED this 2nd day of September, 2008.

David G. Campbell
United States District Judge

- 3 -